IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
CROWN COAL & COKE COMPANY,       )
          Plaintiff,             )
                                 )
     v.                          )     Civil Action No. 07-1208
                                 )
COMPASS POINT RESOURCES, LLC;    )
JAMES H. HOYT; and COURTNEY      )
O. TAPLIN,                       )
          Defendants.            )
```

MEMORANDUM and ORDER

Honorable Gary L. Lancaster
Chief Judge                                     March 24, 2010

Before the court are defendants' motions to quash or modify subpoenas [Doc. Nos. 118, 123, 124, 125, 126 & 127] and plaintiff's responses thereto [Doc. Nos. 131, 137, 138, 139, 140 & 142]. In its subpoenas, plaintiff seeks to depose, at their attorneys' offices in Pittsburgh, Pennsylvania, third parties concerning, inter alia, the amount and value of ColCarbon coke that defendants have sold to them since 2007.

Plaintiff argues that defendants have filed several of their motions to quash in the wrong court. Four of the six subpoenas were issued by courts other than the Western District of Pennsylvania; namely, the Southern and Northern Districts of Ohio, the Eastern District of Michigan, and the Eastern District of Pennsylvania. The issuing court has "exclusive jurisdiction to rule on subpoenas issued by that court." Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374, 380-82, n.11 (W.D. Pa. 2005); Fed. R. Civ. P. 45(a)(3). As a result, this court may exercise

jurisdiction only over those two subpoenas issued by this court.[1] The court will therefore, deny defendants' motion to quash the four subpoenas issued by other jurisdictions. [Doc. Nos. 118, 123, 124 & 125].

Turning to the two motions to quash that remain [Doc. Nos. 126 & 127], defendants argue that the motions have been filed long after the close of discovery, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of discovery. Plaintiff argues defendants can claim no prejudice because defendants are already aware of the amount of ColCarbon Coke they have sold. We disagree. To the extent that defendants have the information that plaintiff seeks, it should have been produced during discovery or been the subject of a motion to compel. The trial in this case is schedule to begin April 12, 2010. The deadline for discovery was June 30, 2008. Plaintiff has had ample opportunity to obtain the information it seeks. Fed. R. Civ. P. 26(b)(2)(C). As a result, defendants' motions to quash plaintiff's subpoenas [Doc. Nos. 126 & 127] will be granted.

An appropriate order follows.

---

[1] We note, however, that all of the subpoenas should have been issued by the Western District of Pennsylvania. See Fed. R. Civ. P. 45(a)(2)(b) ("A subpoena must issue as follows . . . for attendance at a deposition, from the court where the deposition is to be taken").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROWN COAL & COKE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>COMPASS POINT RESOURCES, LLC;<br>JAMES H. HOYT; and COURTNEY<br>O. TAPLIN,<br>    Defendants. | Civil Action No. 07-1208 |

ORDER

And now, this 24 day of March, 2010, it is hereby ORDERED that defendants' motions to quash or modify subpoenas will be GRANTED in part and DENIED in part. Defendants' motions to quash shall be GRANTED as to Doc. Nos. 126 & 127 and DENIED as to Doc. Nos. 118, 123, 124, 125.

By the Court,

_____, C.J.

cc: All counsel of record