IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROWN COAL & COKE COMPANY,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 07-1208<br>) |
| COMPASS POINT RESOURCES, LLC;<br>JAMES H. HOYT; and COURTNEY<br>O. TAPLIN,<br>      Defendants. | )<br>)<br>)<br>) |

### ORDER

Before the court is plaintiff's motion to reconsider and vacate its March 24, 2010 order denying in part and granting in part defendants' motions to quash or modify subpoenas. [Doc. No. 145].

Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Crown Coal contends that the court committed an error by finding that the subpoenas sought to depose third parties in Pittsburgh. While it is true that the subpoenas requested third parties to produce documents, rather than give testimony, this is a distinction without a difference. The basis for the court's decision to quash subpoenas was that discovery had closed on June

30, 2008. This reasoning applies regardless of whether the subpoenas sought documents or testimony. As a result, there has been no clear error of law, and the court will deny Crown Coal's motion for reconsideration.

And now, this __7th__ day of April, 2010, it is hereby ORDERED that plaintiff's motion for reconsideration [Doc. No. 145] of the court's March 24, 2010 order is DENIED.

BY THE COURT,

_____, C.J.

cc: All counsel of record

2